UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jose PAZ MOLINA,<br><br>        Petitioner,<br><br>v.<br><br>Gregory J. ARCHAMBEAULT, et al.,<br><br>        Respondents. | Case No.: 25-cv-3629-AGS-MMP<br><br>**ORDER REQUIRING RESPONSE** |

  Petitioner Jose Paz Molina seeks a writ of habeas corpus under 28 U.S.C. § 2241 challenging his immigration detention. At this stage, he need only make out a claim that is sufficiently cognizable to warrant a response. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id.*, Rule 1(b) (permitting application of Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

  Paz Molina "is a citizen of Honduras who has been in immigration detention since November 4, 2025." (ECF 1, at 5.) He claims he "is a member" of a class certified in "*Maldonado Bautista*." (*Id.* at 3.) "The declaratory judgment held that the Bond Denial Class members are detained under 8 U.S.C. § 1226(a), and thus may not be denied consideration for release on bond under § 1225(b)(2)(A)." (*Id.* at 2.) "Nonetheless, the Executive Office for Immigration Review and its subagency the Immigration Court and the Department of Homeland Security (DHS) have blatantly refused to abide by the declaratory relief and have unlawfully ordered that Petitioner be denied the opportunity to be released on bond." (*Id.* at 2–3.) So, "[b]y denying Petitioner a bond hearing under § 1226(a) and asserting that he is subject to mandatory detention under § 1225(b)(2),

1

Respondents violate Petitioner's statutory rights under the INA and the Court's judgment in *Maldonado Bautista*." (*Id.* at 7.)

This challenge has sufficient potential merit to warrant a response. Whether the opinion in *Maldonado Bautista* is a final judgment or otherwise supports collateral estoppel or res judicata is an open question. More to the point, functionally identical cases across the country have been found to have a "likelihood of success on the merits" or have resulted in the writ being issued on the underlying issue of whether § 1225 or § 1226 applies to petitioner's custody. *See, e.g.*, *Barco Mercado v. Francis*, ___ F. Supp. 3d. ___, No. 25-cv-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (noting that, in "350" of the "362" opinions to address this issue, the petitioners "have prevailed, either on a preliminary or final basis," and these cases were "decided by over 160 different judges sitting in about fifty different courts"); *Mosqueda v. Noem*, No. 5:25-cv-02304 CAS (BFM), 2025 WL 2591530, at *5 (C.D. Cal. Sept. 8, 2025) ("[P]etitioners are likely to succeed on the merits of their claims because section 1226(a), not section 1225(b)(2), likely governs their detention."); *Vazquez v. Feeley*, No. 2:25-cv-01542-RFB-EJY, 2025 WL 2676082, at *11 (D. Nev. Sept. 17, 2025) (same); *Rodriguez v. Bostock*, No. 3:25-cv-05240-TMC, 2025 WL 2782499, at *1 (W.D. Wash. Sept. 30, 2025) ("[T]he government's position belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice.").

By **December 26, 2025**, respondent must answer the petition. Any reply by petitioner must be filed by **January 2, 2026**. The Court will hold oral arguments on the petition on **January 9, 2026**, at **3:00 p.m.**

Dated:  December 17, 2025

Hon. Andrew G. Schopler
United States District Judge